IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 NOV 16  AM 10: 24

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| CURTIS RICHMOND, JR., | X | |
| | X | |
| Plaintiff, | X | |
| | X | |
| vs. | X | No. 04-3051-Ml/V |
| | X | |
| REGINALD JOYNER, et al., | X | |
| | X | |
| Defendants. | X | |
| | X | |

ORDER DENYING MOTION FOR APPOINTED COUNSEL
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER ASSESSING APPELLATE FILING FEE

On December 22, 2004, Plaintiff, Curtis Richmond, booking number 04114411, an inmate at the Shelby County Criminal Justice Center, filed a complaint under 42 U.S.C. § 1983 against Reginald Joyner, Michael Lambert, and Willie Herenton. On August 12, 2005, he filed an amended complaint. On July 7, 2005, Richmond filed a motion for appointment of counsel. On October 18, 2005, the Court directed plaintiff to comply with the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(b), by filing a properly completed in forma pauperis affidavit and a prison trust fund account statement and to amend his complaint. On October 24, 2005,

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 11-16-05

plaintiff filed the documents required by § 1915(b) and on October 31, 2005, filed his amended complaint.[1]

A district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant.  See Lavado v. Keohane, 992 F.2d 601, 604-05 (6th Cir. 1993).  Notably, however, appointment of counsel in a civil case is not a constitutional right, and courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances."  Id. at 605-06.  In determining whether an appointment is warranted, courts evaluate the type of case, the complexity of the factual and legal issues involved, and the ability of the litigant to represent himself.  See id. at 606; Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)("The key [to determining whether exceptional circumstances exist] is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court.  Where the facts and issues are simple, he or she usually will not need such help.")  Appointment of counsel in a civil case is not appropriate when a litigant's claims are frivolous, or when the chances of success are extremely slim.  See Lavado, 992 F.2d at 604-05; Maclin v. Freake, 650 F.2d

---

[1] The Clerk has recorded the documents filed to comply with § 1915(b) as a second motion to proceed in forma pauperis.  The filing fee has already been assessed.  Although plaintiff was directed to file a properly completed in forma pauperis affidavit and trust fund statement in order to be eligible to pay the filing fee by installment payments, no MOTION remains pending at this time.  The Clerk is directed to REMOVE FROM THE DOCKET any reference to a pending motion to proceed in forma pauperis.

885, 887 (7th Cir. 1981)("[B]efore the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law.").

The Court concludes that an appointment of counsel is not warranted. As explained below, plaintiff's complaint is to be dismissed; therefore his motion for appointment of counsel is DENIED.

Richmond sues Memphis Fire Department Employee Reginald Joyner, Emergency Medical Services Director Michael Lambert, and Memphis Mayor Willie Herenton. Plaintiff alleges that on May 8, 2004, defendant Joyner assaulted him, caused paramedics to deny him medical care, and also caused his arrest by Memphis Police Officers. Plaintiff alleges that he has been indicted on two charges of aggravated assault arising from this incident, one for assaulting his wife, who is also Joyner's mother, and one for assaulting Joyner. Plaintiff further alleges that he remains incarcerated awaiting trial on those two charges.

Plaintiff's complaint and amended complaint contain no factual allegations against defendants Lambert and Herenton. When a plaintiff completely fails to allege any action by a defendant, it necessarily "appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985).

Furthermore, defendants Lambert and Herenton cannot be held liable on the basis of their respective supervisory positions as Emergency Services Director and Mayor. There is no <u>respondeat superior</u> liability under § 1983. <u>Bellamy v. Bradley</u>, 729 F.2d 416, 421 (6th Cir. 1984). Instead,

> [t]here must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

<u>Id.</u> (citation omitted). A supervisory official who is aware of the unconstitutional conduct of his subordinates, but fails to act generally cannot be held liable in his individual capacity. <u>Shehee v. Luttrell</u>, 199 F.3d 295, 300 (6th Cir. 1999); <u>Lillard v. Shelby County Bd. of Educ.</u>, 76 F.3d 716, 727-28 (6th Cir. 1996). In this case, the complaint is devoid of allegations that defendants Lambert or Herenton "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates," <u>Bellamy</u>, 729 F.2d at 421, or that the allegedly unconstitutional conduct described in the complaint was the direct result of a defendant's failure to perform a function he was legally obligated to perform. <u>Doe v. Claiborne County, Tennessee</u>, 103 F.3d 495, 511-12 (6th Cir. 1996). It is clear from the face of the complaint, even construed liberally under <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), that plaintiff relies entirely on the

4

supervisory capacities of defendants Lambert and Herenton as the sole basis for any claims against them.[2]

Plaintiff contends that the "Memphis Police Department" obstructed justice by accepting Joyner's statements as true and by failing to collect evidence that he was assaulted by Joyner. Plaintiff has no claim against any unnamed Memphis police officer or defendant Joyner arising from his arrest and prosecution until he can demonstrate that the criminal charges placed against him as a result of this altercation have been dismissed. If plaintiff is found guilty of the charges, he must have his conviction reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Schilling v. White, 58 F.3d 1081, 1085 (6th Cir. 1995). Thus, Heck applies to bar plaintiff's claims against any unnamed officer or Joyner.

The allegation that Joyner defamed plaintiff fails to create a basis for federal question jurisdiction. Richmond's alleged

---

[2]     Plaintiff contends that the "Crew of Engine 25" refused to render medical service. His allegation is insufficient to commence a suit against any crewman. It is well settled that a complaint cannot be commenced against fictitious parties. Bufalino v. Michigan Bell Tel. Co., 404 F.2d 1023, 1028 (6th Cir. 1968); see also Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996) (explaining that claim naming fictitious "John Doe" defendants does not commence action and that subsequent amendment identifying defendant cannot relate back under Rule 15). Thus, to the extent plaintiff has a viable claim against any "John Doe" fireman or paramedic, he must identify that defendant and file a complaint against them within the applicable statute of limitations.

claim for defamation arises under state law. Without a federal claim on which to base jurisdiction, the Court cannot exercise supplemental jurisdiction over any state law claims for slander.

Accordingly, this complaint fails to state a claim upon which relief can be granted and is DISMISSED pursuant to Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court must also determine whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint fails to state a claim upon which relief may be granted, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would be frivolous.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and that plaintiff may not proceed on appeal in forma pauperis.

6

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.  The United States Court of Appeals for the Sixth Circuit has held that a certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b).  See McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997).  McGore sets out specific procedures for implementing the PLRA.  Therefore, plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee,[3] he must comply with the procedures set out in McGore and § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by this plaintiff, this is the first dismissal in this district of one of his cases for failure to state a claim.

IT IS SO ORDERED this ___16___ day of November, 2005.

JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

---

[3]      The fee for docketing an appeal is $250.  See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913.  Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 9 in case 2:04-CV-03051 was distributed by fax, mail, or direct printing on November 16, 2005 to the parties listed.

---

Curtis Richmond
04114411
201 Poplar Ave.
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT